**DATE 12/8/2015**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/9/2015 11:07:13 AM
CHRISTOPHER A. PRINE
Clerk

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT THE COURT OF APPEALS**

TO:     14TH  COURT OF APPEALS

From:   **Deputy Clerk: PHYLLIS WASHINGTON**
        **Chris Daniel, District Clerk**
        **Harris County, T E X A S**

**CAUSE:  2010-34306**

**VOLUME _____  PAGE _____    OR    IMAGE 67823051**

**DUE   3-09-16              ATTORNEY 24055283**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE  14TH COURT OF APPEALS**

**DATE JUDGMENT SIGNED:    12-3-15**

**MOTION FOR NEW TRIAL DATE FILED   NONE**

**REQUEST TRANSCRIPT DATE FILED     12/7/2015**

**NOTICE OF APPEAL DATE FILED       12/3/2015**

**NUMBER OF DAYS: ( CLERKS RECORD )  60**
**FILE ORDERED:  YES ☐   NO ☐   IMAGED FILED:  YES ☐   NO ☐**

**CODES FOR NOTICE OF APPEAL: BC,C, O;**

CHRIS DANIEL
Harris County, District Clerk

By: _/s/PHYLLIS WASHINGTON_
        **PHYLLIS WASHINGTON , Deputy**

BC      NOTICE OF APPEAL FILED
BG      NOTICE OF APPEAL FILED – GOVERNMENT
C       JUDGMENT BEING APPEALED
D -     ACCELERATED APPEAL
OA      NO CLERK'S RECORD REQUEST FILED
O       CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA      AMENDED NOTICE OF APPEAL

## CAUSE NO. 2010-34306

| | | |
|---|---|---|
| **JOEL GILLET** | § | **IN THE DISTRICT COURT** |
|   **Plaintiff,** | § | |
| | § | |
| **v.** | § | **295th JUDICIAL DISTRICT** |
| | § | |
| **KEITH VICKERY, DIETMAR** | § | |
| **KATHMANN, and ZUPT, LLC,** | § | |
|   **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

## NOTICE OF APPEAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Notice is hereby given that Plaintiff Joel Gillet appeals from the Order Appointing Receiver and for Turnover signed November 10, 2015.

The Order Appointing Receiver and for Turnover and all orders were signed in Cause No. 2010-34306; *Joel Gillet v. Keith Vickery, Dietmar Kathman, and ZUPT, LLC*; in the 295th Judicial District of Harris County, Texas. The appeal will be to either the First or the Fourteenth Court of Appeals.

Respectfully submitted,

CLAUSEN & CENTRICH PLLC

By: */s/ Joseph F. Centrich*
Lance Winchester
Texas Bar No. 21754300
Joseph F. Centrich
Texas Bar No. 24055283
2002 Timberloch Place, Suite 550A
The Woodlands, TX 77380
Tel. (281) 210-0140
Fax. (281) 369-5597

*Attorneys for Respondent,*
*Joel Gillet*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon the below listed counsel in accordance with Rule 21a of the Texas Rules of Civil Procedure on this the 3rd day of December, 2015.

Stuart N. Wilson, Esq.
2100 West Loop South, Suite 1125
Houston, Texas 77027
swilson@swilsonpc.com

James S. Annelin, Esq.
25511 Budde Road, Suite 1502
The Woodlands, Texas 77380
annelingaskin@hotmail.com

/s/ Joseph F. Centrich
Joseph F. Centrich

Z:\Clients\214027 - Gillet, Joel\Pleadings\Notice of Appeal.docx

11/2/2015 2:03:56 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7640760
By: Kenya Kossie
Filed: 11/2/2015 2:03:56 PM

CAUSE NO. 2010-34306

| | | |
|---|---|---|
| JOEL GILLET, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| KEITH VICKERY, | § | |
| DIETMAR KATHMANN, and | § | |
| ZUPT, L.L.C. | § | |
| Defendants | § | 295th JUDICIAL DISTRICT |

## ORDER APPOINTING RECEIVER AND FOR TURNOVER

**CAME ON** to be heard the *Application for Turnover After Judgment and Appointment of Receiver* of ZUPT, L.L.C. and JOEL GILLET on August 3, 2015, and ZUPT'S Motion to Hear Additional Evidence on August 17, 2015, whereupon, the Court's review of the evidence and argument of counsel at both hearings, became of the opinion that a Receiver should be appointed to take all actions necessary to collect the judgment signed by this court on June 15, 2015, and to take possession of and liquidate assets of JOEL GILLET and ZUPT, LLC sufficient to satisfy said judgment. The Application for Turnover and Appointment of Receiver filed by ZUPT, LLC is in all things **GRANTED**;

**IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED** by this Court that **DAVID FETTNER, 6700 SANDSPOINT DR., HOUSTON, TEXAS 77074, (713) 626-7277 FAX (888) 876-2292**; be, and he is hereby, appointed Receiver in this case pursuant to the Texas Receivership and Turnover Statute with the power and authority to take possession of and at Receiver's discretion liquidate any non-exempt property, real and personal, of JOEL GILLET and ZUPT, LLC sufficient to pay the judgments signed by this court on June 15, 2015 against JOEL GILLET and ZUPT, LLC, including, but not limited to: (1) all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of the JOEL GILLET and ZUPT, LLC; (2) all financial accounts (bank accounts), certificates of deposit, money market accounts, accounts held by any third-party; (3) all securities; (4) all real property, equipment, vehicles, boats and, planes; (5) all safety deposit boxes, private storage spaces and vaults; (6) all cash; (7) all negotiable instruments, including promissory notes, drafts

*Order Appointing Receiver and For Turnover*
*Joel Gillet vs. Vickery, et. al. - Page 1 of 10*

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

and checks; (8) causes of action, chose in action and claims; (9) contract rights whether present or future; and (10) accounts receivable; (11) the 45% membership interest of JOEL GILLET in ZUPT, L.L.C., and (12) Judgments and that all such property shall be held in custodia legis by said Receiver as of the date of this Order. Receiver may use such assets to realize cash to satisfy the JOEL GILLET and ZUPT, LLC judgments as described herein.

The above named Receiver shall have and exercise the following powers with respect to summoning witnesses and requesting documents:

1. order the production of documents, upon all matters pertaining to JOEL GILLET and ZUPT, LLC's compliance with this Order; the assets, location of assets, value of assets and all other financial matters pertaining to JOEL GILLET and ZUPT, LLC; and

2. to put witnesses under oath and examine them himself on oath.

It is further **ORDERED** that all third-parties in possession, or constructive possession, of assets, including, but not limited to cash and funds on deposit, documentation, property or information regarding JOEL GILLET and ZUPT, LLC, shall turnover or make available for turnover to the Receiver, said assets, including, but not limited to cash and funds on deposit, documentation, property or information; within a reasonable time; upon request from the Receiver and within the requirements of this Order Appointing Receiver. Any information, documentation or financial information provided to the Receiver of a confidential nature shall not be disclosed or released by the Receiver unless necessary to carry out the intent of this Order. Should any third-party referenced herein fail to comply with this Order, the Court may impose the appropriate sanctions provided for by the Texas Rules of Civil Procedure after the proper application therefore, with notice and opportunity for hearing granted to any interested or affected party.

JOEL GILLET and ZUPT, LLC are hereby **ORDERED** to turnover to the above-named Receiver at the address stated above, within (5) five days of JOEL GILLET and ZUPT, LLC's receipt of a copy of this a written request to do so by the Receiver, all checks, cash, securities (stocks and bonds), interest in any business and/or partnerships, promissory notes, documents of title and contracts owned by or in the name of JOEL GILLET and ZUPT, LLC.

JOEL GILLET and ZUPT, LLC are hereby **ORDERED** to continue (until the Judgment

in this cause is fully paid and/or settled, including Receiver's fees) to turnover to the Receiver at the Receiver's address all checks, cash, securities, promissory notes, documents of title and contracts within five (5) days from JOEL GILLET and ZUPT, LLC's receipt of a written request by Receiver to do so.

JOEL GILLET and ZUPT, LLC are hereby **ORDERED** to appear in the Receiver's office on the date and at the time designated in writing by said Receiver and there to give such testimony as the Receiver shall require him to give concerning its/his assets, business, liabilities and financial situation.

The Receiver is hereby authorized to take all action necessary to gain access to all storage facilities, safety deposit boxes, real property, leased premises wherein any property of JOEL GILLET and ZUPT, LLC may be situated.

JOEL GILLET is ORDERED to turnover to Receiver his 45% membership interest in ZUPT, L.L.C. by executing the Assignment attached as Exhibit "1" within 5 days of his written request to do so by Receiver. In addition to the powers of the Receiver set forth herein, the Receiver shall have the following rights, authority and powers with respect to the JOEL GILLET and ZUPT, LLC property: (1) the right, authority and power to collect all accounts receivable of JOEL GILLET and ZUPT, LLC; (2) the right, authority and power to enter and change locks to all premises at which any property is situated; (3) the right, authority and power to forward to the Receivers address and open all mail directed to JOEL GILLET and ZUPT, LLC; (4) the right, authority and power to endorse and cash all checks, negotiable instruments payable to JOEL GILLET and ZUPT, LLC and deposit such instruments into financial institution; (5) the right, authority and power (but not the obligation) to insure any property belonging to the JOEL GILLET and ZUPT, LLC; (6) the right, power and authority to obtain from any financial institution, bank, credit union, or savings and loan any financial records belonging to or pertaining to the JOEL GILLET and ZUPT, LLC; (7) the right, authority and power to negotiate certificates of ownership in certificated securities, and/or vehicles, vessels, aircraft and trailers; (8) the right, power and authority to liquidate any and all financial accounts belonging to or in the name of JOEL GILLET and ZUPT, LLC; (9) the exclusive right, power and authority to vote any shares of stock, partnership interests or other business interests of JOEL GILLET and ZUPT, LLC; (10) the exclusive right, power and authority to sign any orders, or minutes or resolutions of directors, and

managers and/or members of ZUPT, L.L.C. authorizing any action of JOEL GILLET and ZUPT, LLC requiring such resolution or signed minutes by JOEL GILLET and ZUPT, LLC's operating agreement, partnership agreement, by laws or other such agreement; and (11) the right, power and authority to hire any person or company necessary to accomplish any right or power under this Order.

Any Sheriff, Constable or Peace Officer, and their deputies, are hereby directed and ordered to assist the Receiver carrying out his duties and exercising his powers hereunder and prevent any person from interfering with the Receiver in taking control and possession of the property of JOEL GILLET and ZUPT, LLC. The Receiver is authorized to direct any Constable, Sheriff or authorized Peace Officer to seize and sell property under Writ of Execution.

It is further **ORDERED** that the Receiver and all persons acting under the direction of the Receiver shall be immune from liability for all actions taken by them to the extent such actions are permitted by this Order.

With respect to Internet sites, domains, telephones, etc.:

1. Passwords, PINs, and keys. JOEL GILLET and ZUPT, LLC are each ordered to deliver a list to the Receiver, within (5) five days of receipt of a written request by Receiver, a copy of all keys, and a list of all personal identification numbers (PINs), passwords, and combinations for all bank accounts, websites, online bank accounts, with a clear list explaining what each key, PIN, etc., opens, where to locate the items to which the keys and PINs, etc., are related, and what is contained in the items to which the keys, PINs, etc., are associated. If a JOEL GILLET and ZUPT, LLC claim that a particular account or asset is exempt or belongs to another, JOEL GILLET and ZUPT, LLC must clearly mark on the list what asset is exempt, and the basis for such exemption. JOEL GILLET and ZUPT, LLC shall not withdraw such funds until a determination is made concerning the exempt status of such funds.

2. Only the Receiver may change keys and codes. No key, password, PIN, etc., may be changed without the Receivers prior written consent.

   Third party providers must assist the Receiver. All internet and domain providers shall assist the Receiver in the performance of his duties and change the access

control restrictions to the domain name, so that only the Receiver can have access to the domain name, including providing Receiver with signed authorizations instructing domain and internet providers to fully cooperate with the Receiver.

7. Collecting payments due debtors. The Receiver has the right to collect all payments due to any JOEL GILLET and ZUPT, LLC under any lease or other agreement of the domain name. The lease or other agreement payments are to be paid by every user directly to the Receiver.

8. Right to enforce domain rights. The Receiver is authorized to enforce any lease or other agreement for the use of the domain name and that Receiver succeeds to all rights, powers and interests of any JOEL GILLET and ZUPT, LLC.

Receiver has the sole power over assets. JOEL GILLET and ZUPT, LLC are prohibited from re-letting, selling, assigning, or changing the ownership identification of the domain name or modifying or amending any lease agreement or any other agreement affecting the domain name without the Receiver's prior written consent.

Receiver has no duty to protect any debtor or asset. Nothing in this order requires Receiver to maintain the domain name, be liable in any way to any user, any JOEL GILLET and ZUPT, LLC in connection with the domain name, any lease agreement or asset, nor shall Receiver be required to pay any mortgage, lien or assessment, defend against any lawsuit, pay any tax or fee, maintain any insurance coverage or have any obligation except as specifically ordered.

**NOTICE TO THIRD PARTIES: YOU ARE HEREBY NOTIFIED THAT THE RECEIVER, TO THE EXCLUSION OF JOEL GILLET AND ZUPT, LLC, IS THE PARTY ENTITLED TO POSSESS, SELL, LIQUIDATE AND OTHERWISE DEAL WITH DEFENDANTS NON-EXEMPT REAL AND PERSONAL PROPERTY. ONCE YOU HAVE RECEIVED NOTICE OF THIS ORDER, YOU MAY BE SUBJECT TO LIABILITY SHOULD YOU RELEASE ANY PROPERTY TO THE JOEL GILLET and ZUPT, LLC OR ANY DEFENDANT, UNLESS OTHERWISE DIRECTED BY THE RECEIVER OR THIS COURT.**

It is further, **ORDERED** that the above-named Receiver is DIRECTED and AUTHORIZED to pay to himself as Receiver's fees, an amount equal $300.00 per hour; which shall be taxed as costs against ZUPT, LLC; which the Court finds is a fair, reasonable and necessary fee for the Receiver.

It is further, **ORDERED** that any postage, travel expenses or other advances and expenses

and costs reasonably and necessary incurred in carrying out the terms of this Order of the Court shall be taxed equally against JOEL GILLET and ZUPT, LLC as costs, and shall be collected by the Receiver from JOEL GILLET and ZUPT, LLC which shall be in addition to those sums and amounts provided for in the judgment.

The Receiver is **ORDERED** to post bond in the amount of $ _1,000 00_ payable to this Court and conditioned upon his faithful discharge of his duties in accordance with this Order. The Receiver shall take the oath of office prior to commencing any action under this order.

SIGNED, this 10th day of _November_ , 2015.

NOV 1 0 2015

_Caroline Baker_
**JUDGE PRESIDING**

# EXHIBIT "1"

## ASSIGNMENT OF LIMITED LIABILITY COMPANY

This ASSIGNMENT (this "Assignment") is made and entered into by and among JOEL GILLET (hereinafter together with his successors and assigns together with, referred to as the "Assignor" or "GILLET"); ZUPT, LLC a limited liability company, and existing under the laws of the State of Texas, (hereinafter, and together with its successors and assigns, referred to as the "Assignee" or "ZUPT");

WHEREAS, the Assignor is an individual and holds a forty-five percent (45%) interest in ZUPT, LLC.

WHEREAS, the Assignor desires to transfer and convey his forty-five percent (45%) ownership interest in ZUPT,LLC to the Assignee; and

WHEREAS, the Assignee desires to accept the forty-five percent (45%) ownership Interest in ZUPT, LLC.

NOW THEREFORE, this Assignment is made in consideration of the premises, warranties, and mutual covenants set forth herein; and each of the parties to this Assignment agrees as follows:

1. **Assignment of 45% Interest in ZUPT, LLC** For and in consideration of the Judgment entered in case *2010-34306; Joel Gillet v. Keith Vickery, Dietmar Kathmann and Zupt, L.L.C., In the 295th Judicial District Court, Harris County, Texas* and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor hereby transfers, conveys and assigns to the Assignee all of the Assignor's right, title, and interest in and to ZUPT, LLC.

2. **Representation of Assignor.** The Assignor represents to the Assignee that:

   (a) This Assignment has been duly executed and delivered by the Assignor, and is a valid and binding obligation of the Assignor, enforceable in accordance with its terms;

   (b) The Assignor owns forty-five percent (45%) interest in ZUPT, LLC.; and

   (c) The Assignor has good title to its forty-five (45%) percent interest in ZUPT, LLC free and clear of any liens, claims, encumbrances, security interests, or options.

3. **Future Cooperation.** The Assignor and the Assignee mutually agree to cooperate at all times from and after the date hereof with respect to any of the matters described herein, and to execute such further deeds, bills of sale, assignments, releases, assumptions, notifications, or other documents as may be reasonably requested for the purpose of giving effect to, evidencing or

giving notice of the transaction evidenced by this Assignment.

4. **Consent**. Each party hereto hereby consents to the execution of this Assignment by every other party hereto.

5. **Successors and Assigns**. This Assignment shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns.

6. **Modification and Waiver**. No supplement, modification, waiver or termination of this Assignment or any provisions hereof shall be binding unless executed in writing by all parties hereto. No waiver of any of the provisions of this Assignment shall constitute a waiver of any other provision (whether or not similar), nor shall such waiver constitute a continuing waiver unless otherwise expressly provided.

7 **Counterparts**. Any number of counterparts of this Assignment may be executed. Each counterpart will be deemed to be an original instrument and all counterparts taken together will constitute one agreement.

8. **Governing Law**. This Assignment will be governed by the laws of the State of Texas, without giving effect to principles of conflict of laws of that State.

9. **Certain Interpretative Matters**. All pronouns used herein shall include the neuter, masculine, or feminine. Each term appearing in this Assignment with initial capitalization and not defined herein shall have the meaning ascribed to it in the Partnership Agreement.

IN WITNESS WHEREOF, the parties hereto have subscribed to this Assignment on the _____ day of _____, 2015, to be effective as of such date.

ASSIGNOR:

_____
JOEL GILLET

ASSIGNEE:

_____
ZUPT, LLC BY KEITH VICKERY

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM      DEC 08, 2015(C1)
INT6510                    CIVIL CASE INTAKE              OPT: _____ - INT
                        GENERAL PARTY INQUIRY             PAGE:   1 -    5

CASE NUM: 201034306__ PJN> __  TRANS NUM: _____ CURRENT COURT: 295 PUB? _
CASE TYPE: DECLARATORY JUDGMENT            CASE STATUS: DISPOSED (FINAL)
STYLE: GILLET, JOEL                     VS VICKERY, KEITH
===========================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR      PERSON NAME              PTY   ASSOC. ATTY
  NUM    NUMBER                                         STAT
_     00012-0001 IVP 04514200 HONORABLE MARY KATHERINE KATIE  D  COHORN, CHERY
_     00004-0005 IVD           ZUPT L L C                D
_     00003-0005 IVD           KATHMANN, DIETMAR         D
_     00002-0005 IVD           VICKERY, KEITH            D
_     00001-0003 IVD           GILLET, JOEL              D
_     00010-0001 XPL 00794802 LYONS, SCOTT                  WADE, ERIC D.
_     00009-0001 XPL 00794802 LAUHOFF, ANDREW               WADE, ERIC D.
_     00008-0001 XPL 00794802 PENDER, RICHARD               WADE, ERIC D.

==> (35) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.   5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.   10=REFRESH    11=HELP
```

CASE NUM: 201034306__ PJN> __  TRANS NUM: _____ CURRENT COURT: 295 PUB? _
CASE TYPE: DECLARATORY JUDGMENT            CASE STATUS: DISPOSED (FINAL)
STYLE: GILLET, JOEL                   VS VICKERY, KEITH
========================================================================
                    **** INACTIVE PARTIES ****
  PJN  PER/CONN COC BAR       PERSON NAME            PTY   ASSOC. ATTY
  NUM   NUMBER                                       STAT
_     00007-0001 XPL 00794802 TINK, CHARLES                WADE, ERIC D.
_     00006-0001 XPL 00794802 IPOZ SYSTEMS LLC             WADE, ERIC D.
_     00004-0003 XDF         ZUPT L L C
_     00003-0003 XDF         KATHMANN, DIETMAR
_     00002-0003 XDF         VICKERY, KEITH
_     00010-0002 3PD         LYONS, SCOTT              D
_     00009-0002 3PD         LAUHOFF, ANDREW           D
_     00008-0002 3PD         PENDER, RICHARD            D

==> (35) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP

```
CASE NUM: 201034306__ PJN> __  TRANS NUM: _____ CURRENT COURT: 295 PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: DISPOSED (FINAL)
STYLE: GILLET, JOEL                   VS VICKERY, KEITH
========================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR      PERSON NAME              PTY   ASSOC. ATTY
  NUM    NUMBER                                         STAT
_     00007-0002 3PD          TINK, CHARLES              D
_     00006-0002 3PD          IPOZ SYSTEMS LLC           D
_     00004-0004 3PP 21723300 ZUPT L L C                 D    WILSON, STUAR
_     00003-0004 3PP 21723300 KATHMANN, DIETMAR          D    WILSON, STUAR
_     00002-0004 3PP 21723300 VICKERY, KEITH             D    WILSON, STUAR
_     00004-0002 XPL 21723300 ZUPT L L C                      WILSON, STUAR
_     00003-0002 XPL 21723300 KATHMANN, DIETMAR               WILSON, STUAR
_     00002-0002 XPL 21723300 VICKERY, KEITH                  WILSON, STUAR

==> (35) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.   5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM     DEC 08, 2015(C1)
INT6510                  CIVIL CASE INTAKE                 OPT: _____ - INT
                      GENERAL PARTY INQUIRY                PAGE:  4 -   5

CASE NUM: 201034306__ PJN> __  TRANS NUM: _____ CURRENT COURT: 295 PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: DISPOSED (FINAL)
STYLE: GILLET, JOEL                    VS VICKERY, KEITH
==============================================================================
                       **** INACTIVE PARTIES ****
  PJN  PER/CONN COC BAR         PERSON NAME            PTY   ASSOC. ATTY
  NUM   NUMBER                                         STAT
 _    00001-0002 XDF 21754300 GILLET, JOEL                   WINCHESTER, L
 _    00001-0002 PXD 01266005 ANNELIN, JAMES S.
 _    00013-0001 RCV 00784048 FETTNER, DAVID ADAM
 _    00011-0001 ARB 11294450 KENNEDY, MARY KATHERINE
 _    00005-0001 AGT          ZUPT L L C (TEXAS LIMITED LIAB
 _    00004-0001 DEF 21723300 ZUPT L L C                     WILSON, STUAR
 _    00003-0001 DEF 21723300 KATHMANN, DIETMAR              WILSON, STUAR
 _    00002-0001 DEF 21723300 VICKERY, KEITH                 WILSON, STUAR

==> (35) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JURN7 (NSA#)     JUSTICE INFORMATION MANAGEMENT SYSTEM     DEC 08, 2015(C1)
INT6510                     CIVIL CASE INTAKE              OPT: _____ -  INT
                         GENERAL PARTY INQUIRY            PAGE:   5 -    5

CASE NUM: 201034306__ PJN> __  TRANS NUM: _____  CURRENT COURT: 295 PUB? _
CASE TYPE: DECLARATORY JUDGMENT           CASE STATUS: DISPOSED (FINAL)
STYLE: GILLET, JOEL                       VS VICKERY, KEITH
=============================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME                 PTY   ASSOC. ATTY
  NUM    NUMBER                                              STAT
_     00001-0001 PLT 21754300 GILLET, JOEL                         WINCHESTER, L
_     00001-0001 PAP 01266005 ANNELIN, JAMES S.
_     00001-0001 PAP 01266005 ANNELIN, JAMES S.



==> (35) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH    11=HELP
```